UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JERAMY LEE BAKER §
Petitioner, §
§
 § Appellate Case No. A-14477
Vs. §
 § Federal Case No. 3:24-CV-00120-JMK
STATE OF ALASKA §
Respondent. §
§

Superior Court Case No. 3AN-21-02545 CR

# MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY OF STATE COURT PROCEEDINGS

## I. INTRODUCTION

Petitioner, I, Jeramy Lee Baker, submit this memorandum in support of my Emergency Motion for Stay of State Court Proceedings pending before this Court. I seek an immediate and temporary stay of the impending state court trial, scheduled for July 1, 2024, to prevent irreparable harm to my constitutional rights and to allow for federal review of constitutional claims vital to the integrity of my detention and subsequent trial in state court.

## II. BACKGROUND AND FACTS

I am facing imminent trial in the state court on charges stemming from alleged incidents between 2007 and 2011., which has led to my pretrial detention since April 14, 2021. The trial, based on evidence and procedures now believed to be constitutionally defective—including, but not limited to, falsified evidence and inappropriate law enforcement conduct—puts me at risk of wrongful conviction, thereby necessitating urgent intervention by this Court.

## III. LEGAL ARGUMENT

### A. Legal Standard for Granting a Stay

The authority to stay proceedings is conferred upon this Court by the All Writs Act, 28 U.S.C. § 1651(a), and the standards set forth in the seminal cases of Ruckelshaus v. Monsanto Co.[1] and

---

[1] 463 U.S. 1315 (1983), "A court may grant a motion to stay only under "extraordinary circumstances."

Nken v. Holder.[2] The court may issue a stay where it is necessary to protect its jurisdiction, to prevent irreparable harm, and where the stay would make more judicial sense than allowing the state proceedings to continue.

### B. Existence of Extraordinary Circumstances Justifying the Stay

1. Risk of Irreparable Harm: I face the risk of undergoing an unconstitutional trial, directly threatening my liberty and fundamental rights. Post-trial restitution cannot repair the harm caused by the enforcement of potentially unconstitutional laws and practices.
2. Preservation of Federal Review: My habeas corpus petition raises claims that challenge the core legality of the state's case, demanding a thorough examination free from the preemptive influence of a state court judgment.
3. Equitable Considerations: The balance of equities favors me, as proceeding with the state trial before resolving significant constitutional issues would undermine the foundational legal rights the U.S. Constitution guarantees me.

### C. The Public Interest in Granting a Stay

This Court must also consider the public interest, which strongly favors upholding constitutional standards and ensuring fair trials. Granting a stay would publicly affirm the commitment of the federal justice system to safeguarding individual rights against potential state-level infringements.

### D. No Prejudice to the Respondent

Granting the stay would not cause substantial harm to the Respondent or the State but rather ensures that justice is served in accordance with constitutional principles. The delay is purely for allowing proper judicial review, not an attempt to hinder or indefinitely postpone the state trial.

---

[2] 556 U.S. 418, 426 (2009), "A stay is not a matter of right, even if irreparable injury might otherwise result."

## IV. LEGAL STANDARD:

The four factors the Court considers when determining a motion for stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426; *see also World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)

## V. FACTORS FAVORING THE GRANTING OF A STAY

1. Likelihood of Success on the Merits: I have compelling evidence that demonstrates the police officers' falsification of evidence and false testimony, suggesting a strong likelihood of success on the constitutional violations raised in my habeas petition.

2. Irreparable Injury: Without a stay, I face the irreparable injury of an unjust trial based on corrupted evidence, potentially leading to wrongful conviction – a quintessential case of irreparable harm.

3. Balance of Harms: The balance of harms favors me. The state suffers no undue prejudice by a stay, which merely seeks to ensure proceedings proceed on a truthful, constitutional foundation.

4. Public Interest: The public interest in maintaining the integrity of the judicial system and protecting constitutional rights strongly supports my request for a stay.

## VI. CONCLUSION

Considering the points and cases cited above, it is both just and proper for this Court to grant my Emergency Motion for Stay of State Court Proceedings. Doing so will protect my rights, maintain the authority of this Court, and serve the public interest in the fair enforcement of justice.

WHEREFORE, I respectfully request that the Court grant my Emergency Motion for Stay of State Court Proceedings and provide any further relief deemed just and appropriate.

Dated this 12th of June, 2024, in Kenai, Alaska.

Respectfully submitted,

/s/ *Jeramy L. Baker*
Jeramy L. Baker

## DECLARATION

I, Jeramy Lee Baker, solemnly affirm under the legal implications of perjury as dictated by the laws of the United States of America, that to the best of my knowledge and belief, all the preceding statements are truthful and accurate.

Executed on June 12th, 2024.

Respectfully, /s/Jeramy L. Baker
Jeramy L. Baker
P.O. Box 1773
Kenai, Alaska 99611

| | |
|---|---|
| 1 | |
| 2 | **CERTIFICATE OF SERVICE** |
| 3 | I, Jeramy L. Baker, hereby certify that on June 12, 2024, I diligently and successfully dispatched via email |
| 4 | 9 pages comprising the Emergency motion to stay and a proposed order. These documents were sent to |
| 5 | the following legally designated recipients: |
| 6 | To the Court: |
| 7 | James M. Fitzgerald U.S. Courthouse and Federal Building |
| 8 | 222 West 7th Avenue, Room 229, Box/Suite #4 |
| 9 | To the Government: |
| 10 | Department of Law, Criminal Division |
| 11 | District Attorney's Office<br>310 K Street, Suite 520 |
| 12 | Anchorage, AK 99501<br>Phone: (907) 269-6300 |
| 13 | Fax: (907) 269-6321 |
| 14 | I confirm that the delivery of these documents was carried out by a legal process server on the date |
| 15 | mentioned above. |
| 16 | Respectfully, /s/ *Jeramy L. Baker* |
| 17 | Jeramy L. Baker |