# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JERAMY BAKER,

        Petitioner,

    v.

STATE OF ALASKA,

        Respondent.[1]

Case No. 3:24-cv-00120-JMK

## ORDER OF DISMISSAL

On June 6, 2, 2024, Jeramy Lee Baker ("Petitioner"), a self-represented pretrial detainee in the custody of the State of Alaska Department of Corrections ("DOC"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241") and paid the filing fee.[2] Then, on June 14, 2024, Mr. Baker filed an "Emergency Motion for Stay of State Court Proceedings" with a supporting memorandum.[3] He also filed a 37-page "Emergency Petition for Writ of Habeas Corpus" with over 450 pages of supporting exhibits.[4] Mr. Baker contests the pending state criminal charges against him. Specifically, he claims the state conducted an illegal search, fabricated evidence, and violated his due process rights. For relief, he seeks immediate release from detention and dismissal of all

---

[1] The Court notes that the State of Alaska is not a proper respondent in this case. The proper respondent to a habeas petition is the person who has custody over the petitioner. 28 U.S.C.§ §2242, 2243.

[2] Docket 1.

[3] Dockets 2–3.

[4] Docket 4.

charges against him with prejudice.[5] He also seeks an emergency order enjoining the state court from proceeding with the scheduled trial in his criminal case.[6]

Mr. Baker has failed to demonstrate that an emergency justifying expedited relief from the Court is warranted.[7] Nonetheless, in the interests of fundamental fairness, the Court, having reviewed and considered the filings, expedites its order regarding the pending motion and its Screening Order. Oral argument was not requested, and it is not necessary to the Court's determination.

## BACKGROUND

The Court takes judicial notice[8] of Petitioner's ongoing criminal case, *State of Alaska vs. Baker,* Case No. 3AN-21-02545CR.[9] Mr. Baker was "in custody" from July 8, 2021, through at least February 9, 2022.[10] Since on or before March 29, 2022, Mr. Baker has been on house arrest with electronic monitoring by

---

[5] Docket 1.

[6] Docket 2.

[7] *See* Local Rule 7.3.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[9] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[10] *State of Alaska vs. Baker,* Case No. 3AN-21-02545CR, Docket Entries dated 02/09/2022 (Bail Hearing: Superior Court (In Custody)) and 03/29/2022 (Bail Hearing: Superior Court (Out of Custody)).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 2 of 13

Alaska Pretrial Services pending the outcome of his state criminal prosecution.[11] However, he still is in "custody" within the meaning of Section 2241 because he is "subject to supervised release . . . ."[12] Although several of Mr. Baker's claims involve actions taken while he did not have the benefit of counsel, Mr. Baker elected to represent himself in state court. Further, his claims that he was not provided a fair opportunity to be heard or to challenge evidence is belied by the state court record.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[13] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[14] Title 28 United States Code section 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[15] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Baker

---

[11] *Id. See also* Docket 4 at 1–2.

[12] *Matus–Leva v. United States,* 287 F.3d 758, 761 (9th Cir.), *cert. denied,* 537 U.S. 1022 (2002).

[13] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[14] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[15] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 3 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 3 of 13

challenges his pretrial detention.[16] However, upon screening, it plainly appears that Mr. Baker is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[17] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[18] A federal district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[19] A petitioner may challenge his pretrial detention under Section 2241.[20] But a district court must dismiss a habeas petition if it raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.[21]

**1.    Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."[22] Mr. Baker's claims will be considered exhausted only after "the state courts [have been

---

[16] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[17] *Rasul,* 542 U.S. at 473.

[18] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[19] 28 U.S.C. § 2241(c)(3).

[20] *See Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) (citations and quotations omitted).

[21] 28 U.S.C. § 1915A(b).

[22] *Picard v. Connor,* 404 U.S. 270, 275 (1971).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 4 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 4 of 13

afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[23] State prisoners must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."[24] While there is no specific exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial.[25] Mr. Baker fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims in the ongoing criminal proceedings against him. He also has not demonstrated that special circumstances warrant federal intervention in this case. Because Mr. Baker has not shown he has exhausted state court remedies, the petition must be dismissed without prejudice.

## 2. *Younger* Abstention

The *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[26] directs that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[27]

---

[23] *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

[24] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[25] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Younger v. Harris,* 401 U.S. 37 (1971).

[26] 401 U.S. 37 (1971).

[27] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 5 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 5 of 13

*Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding;
>
> (2) the proceeding implicates important state interests;
>
> (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and
>
> (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[28]

If a case satisfies these four requirements, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[29] The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[30] The Ninth Circuit has applied this limited exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[31] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause

---

[28] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[29] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[30] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[31] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 6 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 6 of 13

determination,"[32] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[33] and to a pretrial detainee's challenge to the "forcible administration of antipsychotic medications."[34]

In this case, each of the four *Younger* abstention requirements are met. First, Mr. Baker has pending charges in the state court scheduled for trial beginning July 1, 2024.[35] Second, the State of Alaska has an important interest in prosecuting felony sex abuse cases.[36] Third, Mr. Baker has not alleged that he cannot raise his claims in state court, such as in a pretrial motion or on direct appeal. In fact, the issues raised by Mr. Baker in his habeas petition already have been raised and decided by the trial court, and the state appellate courts have denied his requests for review. Mr. Baker has filed no less than 102 motions in his criminal case.[37] The state trial court has held least six evidentiary hearings and twenty-three discovery hearings at his request.[38] As the state court observed, "the

---

[32] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[33] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

[34] *Id.* at 1135.

[35] *State v. Baker,* Case No. 3AN-21-02545CR, Event 07/01/2024 (*Time:* 08:30AM, *Location:* Courtroom 501, Nesbett Courthouse, *Type:* Jury Trial: Superior Court Criminal).

[36] *See, e.g., Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Bean*, 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a [felony.]").

[37] *State v. Baker,* Docket Entry 6/14/2024 ("Case Motion #102").

[38] Docket 4 at 4. *See also* Docket 4-3 (motion to suppress tainted evidence); Docket 4-5 (transcripts from evidentiary hearings on Jan 20, 2022, and March 10, 2022); Docket 4-9 (transcript from evidentiary hearing on June 20, 2022); Docket 4-10 (transcript from

evidentiary record has been developed through a series of evidentiary hearings."[39] He has filed petitions for review and motions to stay the trial court proceedings in the Alaska Court of Appeals[40] and the Alaska Supreme Court, all of which have been denied.[41] He also has filed a civil complaint for fraud in the state court against Gabriel Brown, Stephen Czajkowski, Bonnie Elizabeth Bull, Erin White, and Treg Taylor, all individuals involved in a professional capacity.[42] He also has filed numerous motions in that case attempting to challenge the state criminal case.[43] Fourth, the injunctive relief Mr. Baker seeks—release and dismissal of the charges—effectively would enjoin his prosecution; and, in fact, his stated "goal is to stop the July 1, 2024, trial and defend [his] Fourth Amendment rights."[44]

---

discovery hearing on August 24, 2022); Docket 4-11 (transcript from discovery hearing on September 21, 2022); Docket 4-12 (transcript from discovery hearing on May 9, 2024).

[39] Docket 4-13 at 2.

[40] *See, e.g.,* Alaska Court of Appeals Case Nos. A13861 (petition for review denied on 8/05/2021); A13915 (petition for review and motion for emergency review denied 12/03/21); A14192 (petition for review and motion to stay the trial court proceedings denied on 6/16/2023; motion for reconsideration denied on 6/23/2023); A14417 (petition for review and motion to stay the trial court proceedings denied on 5/31/2024).

[41] *See, e.g.,* Alaska Supreme Court Case Nos. S18265 (petition for hearing filed on 12/20/2021, response filed on 1/28/2022, and petition denied on 3/22/2022); S18801 (petition for hearing filed on 7/11/2023 and denied on 10/10/2023).

[42] *Baker, Jeramy Lee vs. Brown, Gabriel,* Case No. 3KN-24-00058CI, Docket 01/25/2024 (Complaint for Fraud Receipt: 2161759).

[43] *See, e.g., id.* at Docket 02/13/2024 ("Motion and Demand for Strict Penalty: Defense Counsel Violated Rules 11, 8/4 & 3.3 Committed Perjury & Tampered Evidence; Case Motion #6"); Docket 02/28/2024 ("Motion for Preliminary and Permanent Injunction; Case Motion #9").

[44] Docket 1 at 4.

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 8 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 8 of 13

Finally, Mr. Baker has not alleged any specific facts that demonstrate an "extraordinary circumstance" warranting the Court's interference with the Alaska Court System's regular judicial procedure.[45] Neither the allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[46] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm that justify federal habeas intervention.[47] Mr. Baker's allegations are wholly unsupported, and no matter how liberally they are construed, they fail to provide any basis for concluding that the above-noted narrow exception to *Younger* might apply here. Moreover, even if the trial court erred in a ruling, this is insufficient to establish bad faith or harassment,[48] and it is premature to bring such claims to federal court.

Mr. Baker has had an opportunity to raise his claims in state court and will have the opportunity to raise them during his upcoming criminal trial or on state

---

[45] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[46] *See Juidice v. Vail,* 430 U.S. 327, 338 (holding the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass"); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (holding bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (holding that the bad faith exception requires more than mere conclusory allegations to invoke).

[47] *Younger,* 401 U.S. at 46, 53–54.

[48] *Hicks v. Miranda*, 422 U.S. 332, 251 (1975).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 9 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 9 of 13

appeal should he be convicted. If convicted, he must then fairly present his claims by properly pursuing them through the state's direct appeal process or through appropriate state post-conviction relief.[49] Only after he has properly exhausted his state court remedies may Mr. Baker bring his claims through a habeas petition under 28 U.S.C. § 2254. Further, a litigant may not bring a claim for damages based on wrongful arrest, fabrication of evidence, or any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he can demonstrate that the conviction or sentence already has been invalidated.[50]

For the foregoing reasons, the Court finds that abstention is required under the *Younger* abstention doctrine. Therefore, the Petitions at Dockets 1 and 4 are DISMISSED.

## EMERGENCY MOTION FOR STAY

Mr. Baker filed his federal petitions and this "emergency motion" in a last-ditch effort to avoid prosecution in his state criminal case after repeatedly failing to convince the state trial and appellate courts that he should not be tried on his

---

[49] *See* Alaska Stat. §§ 22.05.010, 22.07.020, 22.07.030; D. Alaska Loc. App R. 215, 301, 302.

[50] *Heck v. Humphrey,* 512 U.S. 477 (1994). *See also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's § 1983 claim of wrongful arrest because a wrongful arrest "could not have occurred unless he were innocent of the crimes for which he was convicted"); *Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial). *But see Wallace v. Kato,* 549 U.S. 384, 393 (2007) (*Heck*'s rule for deferred accrual applies only if there is an existing conviction. That "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*.") (emphasis in original).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 10 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 10 of 13

charges. Procedural rules help ensure that the government applies the law in as consistent a manner as possible, and "only in the most unusual circumstances" will a federal court interfere with a state criminal prosecution before "the jury comes in, judgment has been appealed from and the case concluded in the state courts."[51]

As discussed above, Mr. Baker has failed to demonstrate any reason for the Court to interfere with the Alaska Court System's regular judicial procedure.[52] A pending trial date in a state criminal prosecution is not justification for a stay, nor an emergency justifying expedited relief from the Court.[53] Further, the filing of "emergency motions" is disfavored and is properly confined to only limited circumstances.[54] A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[55] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

---

[51] *Drury v. Cox*, 457 F.2d 764, 765–65 (9th Cir. 1872) (per curiam).

[52] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[53] *See* D. Alaska Loc. Civ. R. 7.3.

[54] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193–94 (C.D. Cal. 1989)).

[55] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam).

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 11 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 11 of 13

While the Court may act with leniency towards a self-represented litigant, Mr. Baker is not excused from the rules that govern court proceedings.[56] Under District of Alaska Local Civil Rule 11.2, the Court is well within its power to impose sanctions for rules violations, including fines, costs, and attorney's fees awards. Beyond these rules-based options, a federal district court possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[57] This includes fashioning sanctions for conduct that abuses the judicial process or is in bad faith.[58]

For these reasons, the motion for an emergency stay of the state court criminal proceedings is DENIED. The Court cautions Mr. Baker against any future filings that lack a sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. The Petition at **Docket 1 is DISMISSED.**

2. The Emergency Motion for stay of the state court proceedings at **Docket 2 is DENIED.**

3. The Emergency Petition at **Docket 4 is DISMISSED.**

4. The Clerk of Court is directed to enter a final judgment.

5. A certificate of appealability shall not issue.[59]

---

[56] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

[57] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[58] *Id*.

[59] 28 U.S.C. § 2253(c)(1)(A). See also *Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of

Case No. 3:24-cv-00120-JMK, *Baker v. State of Alaska*
Order of Dismissal
Page 12 of 13
Case 3:24-cv-00120-JMK   Document 5   Filed 06/25/24   Page 12 of 13

DATED this 25th day of June, 2024, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)).  Mr. Baker may request a certificate of appealability from the Ninth Circuit Court of Appeals.